STATE of Rhode Island ex rel. TOWN OF MIDDLETOWN

v.

Alden C. KINDER.

No. 2000–329–M.P.

Supreme Court of Rhode Island.

April 23, 2001.

Francis S. Holbrook, II, Newport, for Plaintiff.

John A. MacFayden, 3rd, Richard S. Humphrey, Tiverton, for Defendant.

Present WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this petition for certiorari, the Town of Middletown (the town) seeks review of the dismissal in the District Court of a two-count criminal complaint returned against the defendant, Alden C. Kinder (the defendant). That criminal complaint alleged that the defendant violated G.L. 1956 § 31–27–2, driving under the influence, and § 31–27–4, reckless driving.

The case came before a single justice of this Court, who directed the parties to appear and show cause why the issues raised in this petition for certiorari should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that cause has not been shown, and that the issues raised in this petition for certiorari should be decided at this time.

At issue in this case is whether observations of the defendant's vehicle made by a Middletown police officer in the Town of Middletown were such that the officer was justified in pursuing the defendant across town lines to arrest him on a charge of reckless driving.[1] The town contends that the trial judge erred in granting the defendant's motion to dismiss because the facts contained in the officer's stipulated police report supported the officer's actions. We agree.

The police officer's report reveals that from his stationary radar post in Middletown, he observed the defendant's vehicle "traveling at a high rate of speed and * * * passing several vehicles on the right." The officer's report discloses that:

"As the vehicle got close to me I placed my radar unit on the vehicle and it showed that the vehicle was traveling at 65 mph in a posted 25 mph zone. The operator of the vehicle saw me and waved but accelerated away. The vehi-

---

1. These observations were recorded in a police report that the parties stipulated would substitute for live testimony during the hearing on the defendant's motion to dismiss.

cle then went from the travel lane into the passing lane without signalling [*sic* ] and narrowly missed the front end of a vehicle traveling in the passing lane. This vehicle was forced to brake suddenly to avoid a collision.

I pulled out after the vehicle and immediately turned on my overhead emergency lights."

The police officer pursued the defendant into the City of Newport and arrested him for reckless driving in violation of § 31–27–4. The defendant subsequently was charged with driving under the influence, pursuant to § 31–27–2.

Section 31–27–4(b) provides that "[a]ny person who operates a motor vehicle recklessly so that the lives or safety of the public might be endangered * * * or operates a vehicle in an attempt to elude or flee from a traffic officer or police vehicle, shall be guilty of a misdemeanor for the first conviction * * *." We have stated previously that:

" 'Conviction under the reckless-driving statute requires evidence that the defendant embarked on a course of conduct demonstrating a heedless indifference to the consequences of his act.' * * * 'Recklessness, like negligence, must be related to time, place, persons and surrounding circumstances and be measured by them. Excessive speed under some circumstances may amount to mere negligence and under other circumstances it may constitute willful or wanton disregard of the safety of others.' " *State v. Bettencourt,* 723 A.2d 1101, 1106 (R.I.1999).

General Laws 1956 § 12–7–19 provides:

"Any member of a municipal peace unit of another city or town of the state who enters any city or town in close pursuit, of a person in order to arrest him or her for a violation of the motor vehicle code in the other city or town and continues within any city or town in close pursuit, shall have the same authority to arrest and hold the person in custody as members of the municipal peace unit in any city or town."

From the foregoing, we are satisfied that, based on the totality of the circumstances, the Middletown police officer had probable cause to arrest the defendant within the Town of Middletown and to charge him with reckless driving. Consequently, pursuant to § 12–7–19, the officer had authority to closely pursue the defendant into the City of Newport to make that same arrest. Accordingly, we grant the petition for certiorari, quash the District Court's judgment, and remand this case for reinstatement of the criminal complaint against the defendant.